Filed 8/29/23  P. v. Lao CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C098196 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF2201307 ) |
| v. | |
| PUAPHENG LAO, | |
| Defendant and Appellant. | |

After pleading no contest to receiving a stolen vehicle and admitting a prior vehicle theft conviction, defendant Puapheng Lao was sentenced to the upper term of four years.  Defendant now argues the trial court erred by sentencing him based on aggravating circumstances that were improperly proven.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In June 2022, defendant was pulled over while driving a stolen Honda Accord.  He pled no contest to receiving a stolen vehicle with a prior vehicle theft conviction.  At the sentencing hearing in March 2023, defendant submitted the matter based on the probation report.  The trial court ultimately imposed the upper term of four years, citing defendant's

1

"[n]umerous prior felony convictions with similar conduct" as detailed in defendant's probation report.  Defendant filed a timely notice of appeal.

DISCUSSION

Defendant argues the trial court violated the Sixth Amendment to the United States Constitution and Penal Code[1] section 1170 by sentencing him to the upper term. More specifically, defendant contends his sentence could not be imposed unless his prior felony convictions were found true beyond a reasonable doubt by a jury, stipulated to by defendant, or based on certified records.

As to his constitutional claim, defendant is plainly wrong.  "[I]mposition of the upper term does not infringe upon the defendant's constitutional right to [a] jury trial so long as one legally sufficient aggravating circumstance has been [properly] found." (*People v. Black* (2007) 41 Cal.4th 799, 816.)  Under the Sixth Amendment, a trial court is permitted to determine the fact of a prior conviction.  (See *Black*, at p. 818 ["The United States Supreme Court consistently has stated that the right to a jury trial does not apply to the fact of a prior conviction"].)  Accordingly, there was no constitutional error as defendant's prior convictions were properly found by the trial court and they rendered defendant eligible for an upper term sentence.

We also reject defendant's statutory claim.  Effective January 1, 2022, amended section 1170 provides that an upper term sentence must be justified by circumstances in aggravation, and that the facts underlying those circumstances must have been stipulated to by the defendant or found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial.  (§ 1170, subd. (b)(1), (2).)  An exception to this rule authorizes the court to consider "the defendant's prior convictions in determining sentencing based on a

---

[1]     Undesignated statutory references are to the Penal Code.

certified record of conviction without submitting the prior convictions to a jury. (§ 1170, subd. (b)(3).)

The People argue that defendant's claim has been forfeited because defendant failed to object on this basis at the sentencing hearing. We agree. The trial court sentenced defendant in March 2023, well after section 1170, subdivision (b) was amended, and the absence of a specific objection forfeits the issue on appeal. (*People v. Scott* (1994) 9 Cal.4th 331, 351-353.) Defendant insists that imposing the upper term in these circumstances amounts to an unauthorized sentence, which may be challenged on appeal even if defendant failed to raise the issue below. Defendant is wrong, as being sentenced to the upper term is not an unauthorized sentence. (*Id*. at p. 354 ["a sentence is generally 'unauthorized' where it could not lawfully be imposed under any circumstance in the particular case"]; see also *ibid.* ["claims deemed waived on appeal involve sentences which, though otherwise permitted by law, were imposed in a procedurally or factually flawed manner"].)

### DISPOSITION

The judgment is affirmed.

/s/_____
ROBIE, Acting P. J.

We concur:

/s/_____
RENNER, J.

/s/_____
KRAUSE, J.

3